UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-cr-107
ASHEVILLE DIVISION
1:16-cr-31-MOC

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| JEREMY MARQUIS JEFFERSON, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Defendant's Pro Se Motion to Reduce Sentence Pursuant to USSC Amendment 821, filed in his two separate criminal cases. (1:16cr31, Doc. No. 48, 3:23cr107, Doc. No. 11). The Government has filed a response in opposition. (1:16cr31, Doc. No. 54, 3:23cr107, Doc. No. 14). Because Defendant is not eligible for a sentence reduction under Amendment 821, the Court will deny the motion.

I.  **Background**

During October and November of 2015, Defendant robbed three banks — a Suntrust bank in Kings Mountain, North Carolina; a Suntrust bank in High Point, North Carolina; and a PNC bank in Asheboro, North Carolina. (WDNC Case No. 1:16CR31, Doc. 57 ¶¶ 6–9, 15–16). During each robbery, Defendant handed a note to a teller, warning that he would kill them and "blow this mothafucka up," if his demands for cash were not met. (Id.). When the police attempted to stop Defendant's car after the third robbery, Defendant attempted to escape by ramming the police cars in front of and behind him. (Id. ¶ 11). When he committed these robberies, Defendant had previously been convicted of robbery with a dangerous weapon,

1

attempted rape, kidnapping, and failing to register as a sex offender. (Id. ¶¶ 37–38).

A federal grand jury indicted Defendant and charged him with bank robbery, 18 U.S.C. § 2113(a). (Id., Doc. No. 1). Defendant pleaded guilty to the bank-robbery offense without a plea agreement. (Id., Doc. No. 49). This Court's probation office submitted a presentence report and calculated a total offense level 23. (Id., Doc. No. 57 ¶ 33). This offense level included a two-offense-level increase for Defendant's offense conduct involving reckless endangerment during his flight from police. (Id. ¶ 28). Defendant's criminal history garnered six criminal-history points related to his prior convictions. (Id. ¶ 40). The probation office also assessed Defendant two criminal-history points because he committed his offense while under a criminal-justice sentence. (Id. ¶ 41). The probation office concluded that the Sentencing Guidelines advised a sentence of between 70 and 87 months in prison for the robbery offense based on a total offense level of 23 and a criminal-history category of IV. (Id. ¶ 66).

Defendant objected to the reckless-endangerment increase, and this Court sustained his objection, finding that the Sentencing Guidelines advised a sentence of between 57 and 71 months in prison, based on a total offense level of 21 and a criminal-history category of IV. (Id., Doc. No. 61 at 1). This Court sentenced Defendant to 57 months in prison at the bottom of the guideline range. (Id., Doc. No. 60 at 2).

In June of 2020, Defendant masturbated in the presence of Bureau of Prisons employees at the Federal Transfer Center in Oklahoma City, Oklahoma. (WDNC Case No. 3:23CR107, Doc. Nos. 1-1–1-2). Defendant pleaded guilty to indecent exposure and was sentenced in the Western District of Oklahoma to 24 months in prison. (Id.).

Defendant served his custodial sentences, and his supervised release terms commenced in December of 2022. (WDNC Case No. 1:16cr31, Doc. No. 82 at 1). Jurisdiction over Defendant's

2

Oklahoma-related term of supervised release was transferred to Western North Carolina. (WDNC Case No. 3:23cr107, Doc. No. 1). In March of 2023, Defendant violated the terms of his supervised release by committing five new violations of the law. (Id., Doc. No. 82 at 1–2). This Court found Defendant guilty of each of the charged violations and sentenced him to 18 months in prison. (WDNC Case No. 1:16cr31, Doc. No. 93 at 2). Defendant now asks this Court to reduce his sentence based on Amendment 821 to the Sentencing Guidelines. His estimated release date is November 20, 2024.

II.     **Legal Standard**

Amendment 821 to the Sentencing Guidelines made two changes to chapter 4 of the Sentencing Guidelines related to a defendant's criminal history. See U.S.S.G. amend. 821. The Sentencing Commission has made Part A and Part B, Subpart 1, of Amendment 821 retroactively applicable, authorizing eligible defendants to seek a discretionary sentence reduction under 18 U.S.C. § 3582(c)(2). U.S.S.G. amend. 825; see U.S.S.G. § 1B1.10(d).

Part A of the amendment alters Sentencing Guidelines § 4A1.1 to strike the two status points previously assessed under § 4A1.1(d) for defendants who committed their offense while under any criminal-justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status. Id. pt. A. Part A adds a new subsection (e) that adds one criminal-history point for any defendant who receives 7 or more points and who committed his offense while under any criminal-justice sentence as described above. Id.

For defendants who meet the requirements of Amendment 821, Sentencing Guidelines § 1B1.10 governs eligibility for a sentence reduction. Section 1B1.10(a)(1) authorizes a district court generally to reduce a defendant's sentence in any case in which a defendant is serving a term of imprisonment and the guideline range applicable to the defendant "has subsequently

3

been lowered as a result" of a retroactively applicable amendment to the Guidelines." A defendant is not eligible for a sentence reduction if the retroactively applicable amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). A court is limited to a reduction to the bottom of the amended guideline range, after calculating the range that would have applied had the guideline amendment been in effect when the defendant was sentenced. Id. § 1B1.10(b)(2). In calculating the amended range, "the court shall substitute only" the retroactively applicable guideline amendment and "leave all other guideline application decisions unaffected." Id. § 1B1.10(b)(1). If the defendant received a sentence below the applicable guideline range based on a motion filed by the United States for substantial assistance, the court may reduce the defendant's sentence to a term "comparably less than the amended guideline range." Id. § 1B1.10(b)(2)(B). Under no circumstances shall a defendant's sentence be reduced to a term less than the term he has already served. Id. § 1B1.10(b)(2)(C).

### III. Analysis

Defendant is not eligible for a reduction in his sentence. As he asserts in his motion, Defendant received two criminal-history points because he committed his firearm offense while he was under a criminal-justice sentence. Application Note 8(A) to Sentencing Guidelines § 1B1.10 makes clear, however, that "[o]nly a term of imprisonment imposed as part of the original sentence is authorized to be reduced under this section." U.S.S.G. § 1B1.10 cmt. n.8(A). Section 1B1.10 "does not authorize a reduction in the term of imprisonment imposed upon revocation of supervised release." Id. Defendant has served the "term of imprisonment imposed as part of the original sentence," and this Court is not authorized to reduce the sentence it imposed after revoking Defendant's supervised release.

4

**ORDER**

**IT IS, THEREFORE, ORDERED** that Defendant's Pro Se Motion to Reduce Sentence Pursuant to USSC Amendment 821 (1:16cr31, Doc. No. 48, 3:23cr107, Doc. No. 11) is **DENIED**.

Signed: July 18, 2024

Max O. Cogburn Jr.
United States District Judge